## WAIDE & ASSOCIATES, P.A.
ATTORNEYS AND COUNSELORS AT LAW

JIM WAIDE
RON L. WOODRUFF
RACHEL PIERCE WAIDE

MAILING ADDRESS:
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802-1357
TELEPHONE: 662.842.7324
FACSIMILE: 662.842.8056
EMAIL: waide@waidelaw.com

STREET ADDRESS:
332 NORTH SPRING STREET
TUPELO, MISSISSIPPI 38804-1357

September 24, 2019
VIA CERTIFIED MAIL

President Jay Allen
Itawamba Community College
602 West Hill Street
Fulton, MS 38843

Human Resources Director Timothy Senter
Itawamba Community College
602 West Hill Street
Fulton, MS 38843

Dean of Economic and Community Services Joe Lowder
Itawamba Community College
3200 Adams Farm Road
Belden, MS 38826

    Re:   *Tatiana Sherman*

Dear Sirs:

    I am writing you with respect to the March 8, 2019 Performance Improvement Plan given by Dean Joe Lowder to Tatiana Sherman. This Performance Improvement Plan was to have a review in August but, after that meeting was subsequently extended until June 2019. It has been handed off to another of Dean Lowder's subordinates, who is the Director of Workforce training.

    Ms. Sherman's performance throughout her career at Itawamba Community College ("ICC") has been exemplary. The Improvement Plan is baseless. Dean Lowder gave the evaluation and criticized Ms. Sherman's performance in retliation for complaints that she has made about illegal activity.



EXHIBIT C

President Jay Allen
Human Resources Director Timothy Senter
Dean of Economic and Community Services Joe Lowder
September 24, 2019
Page 2

---

Almost continuously since Dean Lowder assumed the duties of Dean of the division, he has insisted upon issuance of checks to companies in the Workforce Training Program even though ICC was not verifying data required by the Mississippi Community College Board ("MCCB"). In order to obtain the training reimbursements, companies are required to meet exacting criteria. In fiscal year 2017 and fiscal year 2018, Ms. Sherman assured that the correct data was in the information to be provided to the ICC Proassessment data system before ICC issued large reimbursement checks to companies that Ms. Sherman managed as a project manager. The State policy required that all participants have registration forms in the system to validate the minimum requirement of people present in class (five (5) people) before requesting reimbursements. This rule was not followed with many companies ICC was working with at that time. Ms. Sherman brought this subject up multiple times. Ms. Sherman discussed this matter in meetings, in emails, and through text messages to the Dean. Nevertheless, ICC issued reimbursement checks before verifying the required information for training participants. Participants were entered in the system after the fact. This is an illegal breach of MCCB standards.

Ms. Sherman's continuous complaints about the illegal practice of not requiring proper documentation from the companies and her refusal to mail checks to companies without proper supporting documentation has resulted in animosity from Dean Lowder. This animosity manifested itself in the negative Performance Evaluation. She subsequently provided a detailed answer refuting the false claims that Dean Lowder made in Ms. Sherman's performance evaluation.

According to state MCCB workforce policies, a company requesting reimbursement for workforce training funds is required to complete detailed information as to when the training took place, who was doing the training, what the training consisted of, along with who was being trained, including an evaluation completed by those who received the training. All training records must have had a start time and an end time for all classes. Instead of the company verifying that training took place, as required by state law, the ICC accountability team was instructed to complete the start and end time for Southern Motion training records after the fact in order for the company to receive reimbursement. The ICC accountability staff arbitrarily selected one trainer out of the two listed for the same classes with the same duties. The higher paid trainer was always the one selected. This is another illegal practice.

The Dean made an "exception" for Southern Motion in the spring of 2017 to make it easier for the company to draw down State money. Southern Motion was allowed not to properly document its training records. Ms. Sherman advised the Dean against allowing the company to draw State money without properly documenting the training. In response, Dean Lowder called Ms. Sherman "too strict," and said that she was "too much by the book," and that she "didn't see the big picture."

President Jay Allen
Human Resources Director Timothy Senter
Dean of Economic and Community Services Joe Lowder
September 24, 2019
Page 3

---

In 2018, Ms. Sherman pointed out that the workforce division was receiving reimbursement for a program that was already being funded through a grant. The procedure ceased after one draw down following Ms. Sherman's questioning of the practice. The immediate supervisor, Ms. Waters, was noticeably upset about Ms. Sherman's complaint. Ms. Waters reports to Dean Lowder and has been assigned to evaluate Ms. Sherman's Performance Improvement Plan.

In 2018, a company known as "Chapter 3," which has only approximately one hundred (100) total employees, received $357,519 in reimbursement for alleged "training." It received $178,615 in 2019. This money was received, under false pretenses, since the documentation on file demonstrates the company is paying, and seeking reimbursement, for trainers who are also listed as students. After the fact, the college created a paper trail to cover $112,000 of the $178,615.

Ms. Sherman is distressed that Dean Lowder spends much of his time, when he is supposed to be working for Itawamba Community College, engaged in his private business ventures. In 2018, Dean Lowder even asked her for a $250,000.00 investment from her husband in a private business (a brewing company) which he was trying to fund.

Dean Lowder is actively interfering with Ms. Sherman's employment, a tort under Mississippi law. Itawamba Community College is creating possible legal liability for itself by failing to require the businesses to which it funnels workforce money to meet the standards required by the state.

I am writing to request an investigation of these matters. I also respectfully request that you notify me that you are cancelling the prejudicial evaluation in question and the Performance Improvement Plan on which it is based.

Ms. Sherman has asked that the State Auditor be notified of these issues. By copy of this correspondence, I am so notifying State Auditor Shad White.

Thanking you for your prompt attention to this matter, I am

Sincerely yours,

JIM WAIDE

JDW/kd

President Jay Allen
Human Resources Director Timothy Senter
Dean of Economic and Community Services Joe Lowder
September 24, 2019
Page 4

---

cc: Tzer Nan (TZ) Waters
Itawamba Community College
3200 Adams Farm Road
Belden, MS 38826
Shad White, State Auditor
Ms. Tanya Sherman