IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TATIANA (TANYA) SHERMAN                                        PLAINTIFF

V.                                    CIVIL ACTION NO. 1:21-CV-190-GHD-DAS

ITAWAMBA COMMUNITY COLLEGE;
JOE LOWDER; TZER NAN WATERS;
AND DR. JAY ALLEN                                           DEFENDANTS

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS ITAWAMBA COMMUNITY COLLEGE,
TZER NAN WATERS, AND DR. JAY ALLEN**

**COME NOW** Defendants Itawamba Community College, Tzer Nan Waters, and Dr. Jay Allen (hereinafter "these Defendants"), by and through counsel of record, and submit their *First Amended Answer and Affirmative Defenses* to Plaintiff's *Complaint*, as follows:

**FIRST DEFENSE**

Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**
**ANSWER**

Without waiving their right to be heard on the foregoing defense, these Defendants respond to the allegations in Plaintiff's *Complaint*, paragraph by paragraph, as follows:

1. Upon information and belief, these Defendants admit that Plaintiff is an adult resident citizen of Oxford, Mississippi and that she previously worked for Itawamba Community College (hereinafter "ICC") as a Workforce Project Manager. The document attached to the *Complaint* as Exhibit "A" speaks for itself. The remaining allegations contained in ¶1 of the *Complaint* are denied.

2. These Defendants admit that (1) ICC is a community college organized and existing under the laws of the State of Mississippi, (2) that Dr. Jay Allen (hereinafter "Allen") is the current President of ICC, (3) that Tzer Nan Waters (hereinafter "Waters) is an adult resident citizen of Lee County, Mississippi, and (4) that Allen is an adult resident citizen of Itawamba County, Mississippi. These Defendants affirmatively assert that at no time has ICC, either as an institution or through its current or former employees, engaged in any of the alleged illegal or wrongful activity alleged in ¶2 of the *Complaint*. The remaining allegations contained in ¶2 of the *Complaint* are denied.

3. These Defendants admit that Plaintiff has attempted to initiate federal and state claims in this Court. The remaining allegations contained in ¶3 of the *Complaint* are denied.

4. These Defendants admit that Plaintiff was terminated from her employment in May 2021. The document attached to the *Complaint* as Exhibit "B" speaks for itself. The remaining allegations contained in ¶4 of the *Complaint* are denied.

5. These Defendants admit that (1) Defendant Lowder was Director of the Workforce Training Program and (2) Plaintiff was a project manager in the Workforce Training Program. The remaining allegations contained in ¶5 of the *Complaint* are denied.

6. The allegations contained in ¶6 of the *Complaint* are denied.

7. Upon information and belief, these Defendants admit that the employees of Southern Motion were provided training. The remaining allegations contained in ¶7 of the *Complaint* are denied.

8. These Defendants admit that Defendant Lowder was employed by ICC. The remaining allegations contained in ¶8 of the *Complaint* are denied.

9. Upon information and belief, these Defendants admit that applicable state and federal regulations relating to training were complied with. The remaining allegations contained in ¶9 of the *Complaint* are denied.

10. The allegations contained in ¶10 of the *Complaint* are denied.

11. The allegations contained in ¶11 of the *Complaint* are denied.

12. The allegations contained in ¶12 of the *Complaint* are denied.

13. The allegations contained in ¶13 of the *Complaint* are denied.

14. The allegations contained in ¶14 of the *Complaint* are denied.

15. These Defendants admit that Waters was employed as Director of Workforce Training. The remaining allegations contained in ¶15 of the *Complaint* are denied.

16. These Defendants admit that Waters supervised Plaintiff's performance improvement plan. The remaining allegations contained in ¶16 of the *Complaint* are denied.

17. Upon information and belief, these Defendants admit that (1) Plaintiff previously worked for ICC and (2) that Plaintiff performed duties that included providing training workers. The remaining allegations contained in ¶17 of the *Complaint* are denied. Further, these Defendants deny the allegations set forth in the document attached to the *Complaint* as Exhibit "C."

18. Upon information and belief, these Defendants admit that Plaintiff and/or her counsel communicated with the Mississippi Office of the State Auditor regarding ICC's Workforce Development Program. The remaining allegations contained in ¶18 of the *Complaint* are denied. These Defendants affirmatively assert the following:

   (a) A formal demand letter dated October 18, 2021 was sent by Mississippi State Auditor Shad White to Allen, as ICC President, requesting payment of Workforce Training funds obtained from the Mississippi Community College Board;

**(b)** That following receipt of this demand letter, ICC issued a formal response to the allegations made by the Mississippi State Auditor about illegal activity regarding workforce training by ICC and/or its current or former employees;

**(c)** That for over two years, ICC has fully cooperated with and has been incredibly responsive to the Mississippi Office of the State Auditor in its investigation;

**(d)** That ICC hired its own counsel to conduct an investigation into allegations made by agents for the Mississippi State Auditor;

**(e)** That throughout all of this, ICC has continued to provide unparalleled workforce training pursuant to state law for our communities and our state;

**(f)** That ICC will continue to provide such workforce training to our citizens to assist employers throughout the state and to be a driver of economic development for all of north Mississippi; and

**(g)** That ICC has long been and remains a leader in workforce development training and looks forward to its day in court when it will be exonerated with respect to those claims.

19. The allegations contained in ¶19 of the *Complaint* are denied.

20. Upon information and belief, these Defendants admit that the Mississippi Office of the State Auditor obtained documents from and conducted interviews at ICC. The remaining allegations contained in ¶20 of the *Complaint* are denied.

21. These Defendants admit that Plaintiff was terminated from her employment in May 2021. The document attached to the *Complaint* as Exhibit "B" speaks for itself. The remaining allegations contained in ¶21 of the *Complaint* are denied.

22. These Defendants deny that they are liable for any of the acts set out in ¶22 of the *Complaint*, including Counts I, II, III, IV, and V.

23. These Defendants admit that under prevailing state law and the controlling interpretation of the notice provisions of the Mississippi Tort Claims Act (hereinafter "MTCA") by the Mississippi Supreme Court, Plaintiff's state law claims, if any, must be stayed for a period of 90 days from the date of ICC's receipt of notice of a claim pursuant to the MTCA. However, these Defendants deny the validity of any such MTCA claims. The remaining allegations contained in ¶23 of the *Complaint* are denied.

24. The allegations contained in ¶24 of the *Complaint* are denied.

25. The allegations contained in ¶25 of the *Complaint* are denied.

In response to the unnumbered paragraph entitled "REQUEST FOR RELIEF," these Defendants deny that Plaintiff is entitled to any relief against them in any amount whatsoever and demand that Plaintiff's *Complaint* be dismissed against them with all costs assessed to the Plaintiff.

Any and all allegations not specifically admitted are denied.

**AND NOW,** having responded to Plaintiff's *Complaint* and denying any and all liability in the premises, these Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

These Defendants assert all defenses available to them pursuant to Federal rules of Civil Procedure 8 and 12, including, but not limited to, contributory/comparative fault, payment, accord and satisfaction, statute of limitations, waiver, estoppel, and/or laches, and reserve the right to offer proof in support of any defense which may apply in this case.

## SECOND AFFIRMATIVE DEFENSE

These Defendants deny that they retaliated against Plaintiff during her employment for any reason and deny that Plaintiff was adversely affected during her employment at any time for any retaliatory reason.

**THIRD AFFIRMATIVE DEFENSE**

These Defendants did not discriminate or retaliate against Plaintiff due to her report of illegal activity to the Mississippi Office of the State Auditor or for any other reason. These Defendants had legitimate, non-discriminatory, non-retaliatory reasons for all of their employment decisions regarding Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's federal claims are barred under the doctrine of qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's state claims purporting to assert tort claims under the MTCA are barred as a matter of law by the MTCA's discretionary function exemption and, in any event, cannot be asserted until passage of the requisite 90-day stay following notice of claim.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's federal claims pursuant to the First Amendment to the Constitution of the United States are barred as a matter of law, insofar as Plaintiff's speech was at all material times in her capacity as an employee of ICC.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's state claims purporting to assert violations of the Mississippi Whistleblower act are barred as a matter of law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff cannot establish a causal connection between her exercise of statutory rights and any adverse employment action.

**NINTH AFFIRMATIVE DEFENSE**

Any actions taken by these Defendants did not rise to the level of an adverse employment action.

**TENTH AFFIRMATIVE DEFENSE**

At all times relevant to this litigation, the actions of these Defendants were taken in good faith and/or within the scope of any applicable privilege or immunity, and these Defendants had reasonable grounds for believing that their actions were not in violation of any law.

**ELEVENTH AFFIRMATIVE DEFENSE**

No act or omission on the part of these Defendants caused or contributed to any injury or damages sustained by Plaintiff, if any. Therefore, Plaintiff has no right of recovery against these Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's termination by ICC was based on administrative reasons other than her alleged report of illegal activity to the Mississippi Office of the State Auditor.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's alleged damages resulted from her own conduct or from an unreasonable failure on her part to avoid the complained of harm.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's injuries and damages, if any, were caused by a person or entity other than these Defendants, these Defendants invoke the provisions of Miss. Code Ann. §85-5-7 and the allocation of fault provisions contained therein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These Defendants affirmatively invoke all applicable damages caps and limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Neither these Defendants nor any of ICC's employees or agents intentionally, willfully, or improperly interfered with any contractual relations that may have existed between Plaintiff and her employer.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

With respect to the claim for punitive damages, these Defendants would affirmatively show that (a) since punitive damages are penal in nature, these Defendants are entitled to the same procedural safeguards afforded to those charged with a crime, and an assessment of punitive damages herein would be in violation of the Sixth Amendment of the United States Constitution; (b) any claim for punitive damages violates the substantive and procedural due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and provisions of the Mississippi Constitution; (c) any award of punitive damages in this case would be in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Mississippi Constitution since the standards for imposing liability and for assessing the amount for punitive damages are unconstitutionally vague; (d) the application of such an unconstitutionally vague standard is arbitrary, capricious and not rationally related to any legitimate governmental interest; (e) any award of punitive damages in this case would be in violation of the Eight and Fourteenth Amendments of the United States Constitution and Article 3 and various sections of the Mississippi Constitution; (f) these Defendants invoke the limitations regarding the enforceability and constitutionality of punitive damages awards as set forth in *BMW of America v. Gore,* 116 U.S. 1589 (1996) and *State Farm Mutual Auto. Insur. Co. v. Campbell,* 538 U.S. 408 (2003); (g) the *Complaint* fails to state a claim against these Defendants upon which Plaintiff may be awarded punitive or exemplary damages; and (h) these Defendants invoke Mississippi's statutory law pertaining to punitive damages, including Miss. Code Ann. § 11-1-65.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Should this Court consider the issue of punitive damages, the trial of such issues should be bifurcated pursuant to statutory and other authority.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate the damages and injuries alleged to have been incurred by her, if any, and these Defendants are entitled to an offset for any amount that was or could have been mitigated by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant, Itawamba Community College, including her claims against Defendants, Dr. Jay Allen and Tzer Nan Waters in their official capacities, are barred by the Eleventh Amendment to the United States Constitution since Itawamba Community College is an arm of the state.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's employment are barred by the exclusivity provisions of the Mississippi Worker's Compensation Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These Defendants deny all liability in the premises. Without admitting any wrongful conduct, these defendants assert that if it is determined that Plaintiff is entitled to back pay or front pay, these Defendants are entitled to an offset of amounts earned or which could have been earned with reasonable diligence and/or any unemployment benefits paid to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE-DEFENSE

These Defendants reserve the right to plead and prove such other defenses which become known to them during the course of discovery, investigation, or otherwise.

**WHEREFORE, PREMISES CONSIDERED,** these Defendants, having responded to the allegations of Plaintiff's *Complaint*, and having denied any and all liability in the premises, demand that Plaintiff's *Complaint* be dismissed against them with prejudice, with all costs assessed to Plaintiff. These Defendants pray for such further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 16th day of April, 2022.

              **ITAWAMBA COMMUNITY COLLEGE,**
              **TZER NAN WATERS, AND**
              **DR. JAY ALLEN, DEFENDANTS**

       BY:  /s/ *Benjamin E. Griffith*
            OF COUNSEL

BENJAMIN E. GRIFFITH, MS BAR NO. 5026
**GRIFFITH LAW FIRM**
Post Office Box 2248
Oxford, Mississippi 38655
Phone: (662) 402-3133
Fax: (866) 493-4220
*ben@glawms.com*

**CERTIFICATE OF SERVICE**

  I, Benjamin E. Griffith, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record, including:

  Jim Waide, Esq.
  WAIDE & ASSOCIATES, P.A.
  Post Office Box 1357
  Tupelo, Mississippi 38802-1357
  waide@waidelaw.com
  *Attorney for Plaintiff*

THIS the 16th day of April, 2022.

            /s/ *Benjamin E. Griffith*
            OF COUNSEL