IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TATIANA (TANYA) SHERMAN**                                             **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 1:21-cv-190-GHD-DAS**

**ITAWAMBA COMMUNITY COLLEGE,**                       **DEFENDANTS**
**JOE LOWDER, TZER NAN WATERS,**
**and DR. JAY ALLEN**

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOE LOWDER

**COMES NOW** Defendant, Joe Lowder (hereinafter "Defendant Lowder"), by and through counsel of record and submits his *Answer and Affirmative Defenses* to Plaintiff's *Complaint* as follows:

### FIRST DEFENSE

Plaintiff's *Complaint* fails to state a claim against Defendant Lowder upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

### ANSWER

Without waiving his right to be heard on the foregoing defense, Defendant Lowder responds to the allegations in Plaintiff's *Complaint*, paragraph by paragraph, as follows:

1. Upon information and belief, Defendant Lowder admits that Plaintiff is an adult resident citizen of Oxford, Mississippi and that she previously worked for Itawamba Community College (hereinafter "ICC") as a Workforce Project Manager. The document

attached to the *Complaint* as Exhibit "A" speaks for itself. The remaining allegations contained in Paragraph 1 of the *Complaint* are denied.

2. Upon information and belief, Defendant Lowder, admits that (1) ICC is a community college organized and existing under the laws of the State of Mississippi, (2) that Dr. Jay Allen (hereinafter Allen) is the current President of ICC, (3) that Defendant Lowder is an adult resident of the State of Tennessee and served as Director of Workforce Innovation at ICC and as Dean of Economic Community Services at ICC and (4) Tzer Nan Waters (hereinafter Waters) is an adult resident of Lee County, Mississippi and (5) Allen is an adult resident citizen of Itawamba County, Mississippi. Defendant Lowder affirmatively asserts that at no time has Defendant Lowder engaged in any of the alleged illegal or wrongful activities alleged in the opening unnumbered paragraph or Paragraph 2 of the *Complaint*. The remaining allegations in Paragraph 2 of the *Complaint* are denied.

3. Defendant Lowder admits that Plaintiff has attempted to initiate federal and state claims in this Court. The remaining allegations contained in Paragraph 3 of the *Complaint* are denied.

4. Upon information and belief, Defendant Lowder admits that Plaintiff was not renewed/terminated in her employment with ICC in May 2021. The document attached to the *Complaint* as Exhibit "B" speaks for itself. The remaining allegations contained in Paragraph 4 of the *Complaint* are denied.

5. Defendant Lowder admits he was the Director of the Workforce Innovation Program and Plaintiff was a project manager in the Workforce Training Program at ICC. The remaining allegations contained in Paragraph 5 of the *Complaint* are denied.

6. Defendant Lowder denies the allegations contained in Paragraph 6 of the *Complaint*.

7. Upon information and belief, Defendant Lowder admits that employees of Southern Motion were provided training through ICC. The remaining allegations contained in Paragraph 7 of the *Complaint* are denied.

8. Defendant Lowder admits he was employed by ICC. The remaining allegations contained in Paragraph 8 of the *Complaint* are denied.

9. Upon information and belief, Defendant Lowder admits that applicable state and federal regulations relating to training were complied with, as well as policies and procedures of the Mississippi Community College Board governing workforce training and reimbursement. The remaining allegations contained in Paragraph 9 of the *Complaint* are denied.

10. Defendant Lowder denies the allegations contained in Paragraph 10 of the *Complaint*.

11. Defendant Lowder denies the allegations contained in Paragraph 11 of the *Complaint*.

12. Defendant Lowder denies the allegations contained in Paragraph 12 of the *Complaint*.

13. Defendant Lowder denies the allegations contained in Paragraph 13 of the *Complaint*.

14. Defendant Lowder denies the allegations contained in Paragraph 14 of the *Complaint*.

15. Upon information and belief, Defendant Lowder admits that Waters was employed as Director of Workforce Training. The remaining allegations contained in Paragraph 15 of the *Complaint* are denied.

16. Upon information and belief, Defendant Lowder admits that Waters supervised Plaintiff and Plaintiff's performance improvement plan. The remaining allegations contained in Paragraph 16 of the *Complaint* are denied.

17. Upon information and belief, Defendant Lowder admits (1) Plaintiff worked for ICC, (2) Plaintiff performed duties that included providing training for workers. Defendant Lowder affirmatively asserts that any work on any private business matters were not in conflict with or to the detriment of his responsibilities at ICC. The remaining allegations contained in Paragraph 17 of the *Complaint* are denied. Further, Defendant Lowder denies the allegations set forth in the document attached to the *Complaint* as Exhibit "C".

18. Upon information and belief, Defendant Lowder admits that Plaintiff and/or her counsel communicated with the Mississippi Office of the State Auditor regarding ICC's Workforce Development Program. The remaining allegations contained in Paragraph 18 of the *Complaint* are denied. Defendant Lowder affirmatively asserts the following:

   (a) A formal demand letter dated October 18, 2021, was sent by Mississippi State Auditor Shad White to Defendant Lowder requesting payment of Workforce Enhancement Training Funds obtained by ICC as reimbursements and/or allocations from the Mississippi Community College Board;

(b) That following receipt of this demand letter, Lowder issued a formal response, through legal counsel, to the allegations made by the Mississippi State Auditor about alleged illegal activity regarding workforce training by ICC;

(c) That Defendant Lowder, as well as Defendants ICC, Allen and Waters followed the policies and procedures set forth in the Mississippi Community College Board manuals, along with state and federal law as to workforce training performed by ICC and related reimbursements and Defendant Lowder looks forward to his opportunity in court to exhibit the same and be exonerated with respect to these allegations.

19. Defendant Lowder denies the allegations contained in Paragraph 19 of the *Complaint*.

20. Upon information and belief, Defendant Lowder admits that the Mississippi Office of the State Auditor obtained documents from and conducted interviews at ICC. The remaining allegations contained in Paragraph 20 of the *Complaint* are denied.

21. Upon information and belief, Defendant Lowder admits that Plaintiff was not renewed/terminated in her employment at ICC in May 2021. The document attached to the *Complaint* as Exhibit "B" speaks for itself. The remaining allegations in Paragraph 21 of the *Complaint* are denied.

22. Defendant Lowder denies that he is liable to Plaintiff for any of the acts set out in Paragraph 22 of the *Complaint*, including Counts I, II, III, IV, and V.

23. Defendant Lowder admits under prevailing state law and the controlling interpretation of the notice provisions of the Mississippi Tort Claims Act (hereinafter "MTCA") by the Mississippi Supreme Court, Plaintiff's state law claims, if any, must be

stayed for a period of 90 days from the date of ICC's receipt of notice of a claim pursuant to the MTCA. However, Defendant Lowder denies the validity of any such MTCA claims. The remaining allegations contained in Paragraph 23 of the *Complaint* are denied.

24. Defendant Lowder denies the allegations contained in Paragraph 24 of the *Complaint*.

25. Defendant Lowder denies the allegations contained in Paragraph 25 of the *Complaint*.

In response to the unnumbered paragraph entitled "REQUEST FOR RELIEF", Defendant Lowder denies that Plaintiff is entitled to any relief against him in any amount whatsoever and demand that Plaintiff's *Complaint* be dismissed against Defendant Lowder with all costs assessed to the Plaintiff.

Any and all allegations not specifically admitted are denied.

**AND NOW**, having responded to Plaintiff's Complaint and denying any and all liability in the premises, Defendant Lowder asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendant Lowder asserts all defenses available to him pursuant to Federal Rules of Civil Procedure 8 and 12, including, but not limited to, contributory/comparative fault, payment, accord and satisfaction, statute of limitations, waiver, estoppel, and/or laches and reserves the right to offer proof in support of any defense which may apply in this case.

**SECOND AFFIRMATIVE DEFENSE**

Defendant Lowder denies that he retaliated against Plaintiff during her employment for any reason and denies that Plaintiff was adversely affected during her employment at any time for any retaliatory reason.

**THIRD AFFIRMATIVE DEFENSE**

Defendant Lowder did not discriminate or retaliate against Plaintiff due to her report of alleged illegal activity to the Mississippi Office of the State Auditor or for any other reason. Defendant Lowder had legitimate, non-discriminatory, non-retaliatory reasons for all of his employment decisions regarding Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's federal claims are barred under the doctrine of qualified immunity

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's state claims purporting to assert tort claims under MTCA are barred as a matter of law by the MTCA's discretionary function exemption and, in any event, cannot be asserted until passage of the requisite 90-day stay following notice of claim.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's federal claims pursuant to the First Amendment of the Constitution of the United States are barred as a matter of law, insofar as Plaintiff's speech was at all material times in her capacity as an employee of ICC.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's state claims purporting to assert violations of the Mississippi Whistleblower act are barred as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a causal connection between her exercise of statutory rights and any adverse employment action.

### NINTH AFFIRMATIVE DEFENSE

Any actions taken by Defendant Lowder did not rise to the level of an adverse employment action.

### TENTH AFFIRMATIVE DEFENSE

At all times relevant to this litigation, the actions of Defendant Lowder were taken in good faith and/or within the scope of any applicable privilege or immunity and Defendant Lowder had reasonable grounds for believing that his actions were not in violation of any law.

### ELEVENTH AFFIRMATIVE DEFENSE

No act or admission on the part of Defendant Lowder caused or contributed to any injury or damages sustained by Plaintiff, if any. Therefore, Plaintiff has no right of recovery against Defendant Lowder.

### TWELVE AFFIRMATIVE DEFENSE

Plaintiff's non-renewal/termination of employment was based on administrative reasons other than her report of alleged illegal activity to the Mississippi Office of the State Auditor.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged damages, if any, resulted from her own conduct or from an unreasonable failure on her part to avoid the complained harm.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's injuries and damages, if any, were caused by a person or entity other than Defendant Lowder, Defendant Lowder invokes the provisions of Miss. Code Ann. §85-5-7 and the allocation of fault provisions contained therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Lowder affirmatively invokes all applicable damage caps and limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Neither Defendant Lowder, nor any of ICC's employees or agents intentionally, willfully or improperly interfered with any contractual relationship that may have existed between Plaintiff and her employer.

### SEVENTEENTH AFFIRMATIVE DEFENSE

With respect to the claim for punitive damages, Defendant Lowder would affirmatively show that (a) since punitive damages are penal in nature, Defendant Lowder is entitled to the same procedural safeguards afforded to those charged with a crime, and an assessment of punitive damages herein would be in violation of the Sixth Amendment of the United Stated Constitution; (b) any claim for punitive damages violates the substantive and procedural due process clauses of the Fifth and Fourteenth Amendment of the United States Constitution and provisions of the Mississippi Constitution; (c) any award of punitive damages in this case would be in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Mississippi Constitution since the standards for imposing liability and for assessing the

amount for punitive damages are unconstitutionally vague; (d) the application of such an unconstitutionally vague standard is arbitrary, capricious and not rationally related to any legitimate governmental interest; (e) any award of punitive damages in this case would be in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article 3 and various sections of the Mississippi Constitution; (f) Defendant Lowder invokes the limitations regarding the enforceability and constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996) and *State Farm Mutual Auto. Insur. Co. v. Campbell*, 538 U.S. 408 (2003); (g) the *Complaint* fails to state a claim against Defendant Lowder upon which a Plaintiff may be awarded punitive or exemplary damages; and (h) Defendant Lowder invokes Mississippi's statutory law pertaining to punitive damages, including Miss. Code Ann. §11-1-65.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Should this Court consider the issue of punitive damages, the trial of such issues should be bifurcated pursuant to statutory and other authority.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate the damages and injuries alleged to have been incurred by her, if any, and Defendant Lowder is entitled to an offset for any amount that was or could have been mitigated by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant ICC, including her claims against Allen, Waters and Defendant Lowder in their official capacities, are barred by the Eleventh Amendment to the United States Constitution since Itawamba Community College was and is an arm of the state at all material times herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's employment are barred by the exclusivity provisions of the Mississippi Worker's Compensation Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant Lowder denies all liability in the premises. Without admitting any wrongful conduct, Defendant Lowder asserts that if it is determined that Plaintiff is entitled to back pay or front pay, Defendant Lowder is entitled to an offset of amounts earned or which could have been earned with reasonable diligence and/or any unemployment benefits paid to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant Lowder reserves the right to plead and prove such other defenses and request leave to amend filings based on information which becomes known to him during the course of discovery, investigation or otherwise.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Lowder having responded to the allegations of Plaintiff's *Complaint* and having denied any and all liability in the premises, demands that Plaintiff's *Complaint* be dismissed against him with prejudice, with all costs assessed to Plaintiff. Defendant Lowder prays for such further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 16th day of April 2022.

                              **JOE LOWDER, DEFENDANT**

                BY:  /s/ Daniel H. Sparks
                        ATTORNEY FOR DEFENDANT
                        JOE LOWDER

DANIEL H. SPARKS
MS BAR NO. 102831
Sparks Law Firm, PLLC
2084 Old Taylor Road, Suite 110
P.O. Box 2610
Oxford, MS 38655
daniel@sparkslawpllc.com
(662) 234-4600 (p)
(662) 234-4050 (f)

## CERTIFICATE OF SERVICE

    I, Daniel H. Sparks, hereby certifies that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record, including:

| | |
|---|---|
| Jim Waide, Esq. | Benjamin E. Griffith, Esq. |
| WAIDE AND ASSOCIATES, P.A. | GRIFFITH LAW OFFICE |
| P.O. Box 1357 | P.O. Box 2248 |
| Tupelo, MS 38802-1357 | Oxford, MS 38655 |
| waide@waidelaw.com | ben@glawms.com |
| *Attorney for Plaintiff* | *Attorney for Defendants, Itawamba Community College, Tzer Nan Waters and Dr. Jay Allen* |

THIS the 16th day of April 2022.

                            /s/  Daniel H. Sparks
                            ATTORNEY FOR DEFENDANT
                            JOE LOWDER