UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

TATIANA SHERMAN                                                                 Plaintiff

v.                                          CIVIL ACTION   NO. 1:21-CV-190-GHD-DAS

ITAWAMBA COMMUNITY COLLEGE, JOE LOWDER,
TZER NAN WATERS AND DR. JAY ALLEN
                                                                                Defendants

## MOTIONS *IN LIMINE* FILED ON BEHALF OF DEFENDANTS, ITAWAMBA COMMUNITY COLLEGE, TZER NAN WATERS, AND DR. JAY ALLEN

NOW COME DEFENDANTS, ITAWAMBA COMMUNITY COLLEGE, TZER NAN WATERS, AND DR. JAY ALLEN, by the undersigned Counsel, and file their MOTIONS *IN LIMINE*, requesting the following relief:

These Defendants submit the following Motions *in Limine* prior to the commencement of the jury trial and prior to the voir dire examination of the jury, and respectfully ask the Court to direct all attorneys, parties and witnesses not to refer to or make any statement concerning, or ask any questions putting before the jury or jury panel during jury selection any of the matters set forth below.

1. Motion *in Limine* Standard

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevant of certain forecasted evidence." *Harris v. Clay County,* 2023 U.S. Dist. LEXIS 36677 (N.D. Miss. 2023).

2. MOTIONS

Motion *in Limine* No. 1

Plaintiff, her attorneys and all witnesses should be prohibited from referring to, using or relying on any claim that Plaintiff was wrongfully terminated, fired, discharged or otherwise deprived of any rights under *McArn v. Allied Bruce-*

*Terminix,Co.,* 626 So. 2d 603, 606 (Miss. 1993), or the Mississippi Whistleblower Statute, Miss. Code Ann. §25-9-173 (1999), since Plaintiff at no time alleged, claimed or asserted that these Defendants committed any criminal acts or acts warranting the imposition of criminal penalties, as opposed to mere civil penalties. Further, Plaintiff at all material times was acting within the course and scope of her employment and was not terminated or retaliated against because she had exercised her First Amendment right to free speech, or had reported criminal acts or criminally illegal acts, nor was Plaintiff a whistleblower within the meaning of the Mississippi Whistleblower Statute. Absent acts that were reported to be criminally illegal, even if Plaintiff had the subjective intent or good faith belief that such acts were illegal, *McArn's* narrow public policy exception is inapplicable.

Motion *in Limine* No. 2

Plaintiff, her attorneys and all witnesses should be prohibited from referring to, using or relying on any claim that Plaintiff's constitutional rights under the First Amendment to the United States Constitution were violated, since Plaintiff's speech, statements and complaints were at all material times made by Plaintiff in the course of performing her job and in her capacity as an employee of Itawamba Community College, consisted of speech that was part-and-parcel of Plaintiff's job concerns, related to her official duties, resulted from her special knowledge gained as a public employee, and was not entitled to protected status under *Garcetti v. Ceballos*, 547 U.S. 410 (2006) and its progeny.

Motion *in Limine* No. 3

Plaintiff, her attorneys and all witnesses should be prohibited from referring to, using or relying on any claim that Plaintiff' sustained or suffered any loss or injury, stress, emotional harm or any form of Intentional Infliction of Emotional Distress under state law or similar tortious conduct, since Plaintiff was at all material times an employee working within the course and scope of her employment with Itawamba Community College within the meaning and scope of the Mississippi Worker's Compensation Act's exclusive remedy provision, Miss. Code Ann. § 71-3-9 (1) (2021), which provides that liability of an employer to pay compensation shall be

exclusive and in place of all other liability of such employer to the employee, and within the meaning and scope of the Mississippi Tort Claims Act, which provides the exclusive civil remedy against a governmental entity for lawsuits seeking money damages arising out of tortious actions.

Motion *in Limine* No 4

Plaintiff, her attorneys and all witnesses should be prohibited from referring to, using or relying on any claim that Plaintiff is entitled to or should recover punitive damages for alleged malicious or tortious interference with employment, since such damages are not recoverable in this civil action as a matter of law. Punitive damages are not favored under Mississippi law. Within the confines of the punitive damages statute, Miss. Code Ann. § 11-1-65 (2004), punitive damages are considered an extraordinary remedy that is allowed with caution and within narrow limits. They are only appropriate in the most egregious cases so as to discourage similar conduct and should only be awarded in cases where the actions are extreme. This is not such as case.

CONCLUSION

For the above reasons, these Defendants respectfully request that their Motions be granted. A Memorandum of Authorities is submitted herewith.

                                              **GRIFFITH LAW FIRM**

                                              By: /s/ *Benjamin E. Griffith*

                                              **Attorney for the above named Defendants**

Of Counsel:
**GRIFFITH LAW FIRM**
P.O. Box 2248
Oxford, MS 38655
Telephone: 662-402-3133
Facsimile: 866-493-4220
ben@glawms.com

**CERTIFICATE OF SERVICE**

I, Benjamin E. Griffith, counsel for **Defendants, Itawamba Community College, Tzer Nan Waters and Dr. Jay Allen** in the above civil action, do hereby certify that I have this day caused a true and correct copy of the above and foregoing Motion to be delivered by the ECF filing system to all counsel of record.

    **FILED** this 1st day of August, 2023.

                                        */s/ Benjamin E. Griffith*
                                        Benjamin E. Griffith